# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PHILLIP JAMES HAHL,

        Petitioner,                         Case Number: 2:07-CV-11054

v.                                        HON. NANCY G. EDMUNDS

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Phillip James Hahl, a state inmate currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions in Oakland County Circuit Court for three counts of third-degree criminal sexual conduct, accosting a child for immoral purposes, and contributing to the delinquency of a minor. Respondent has filed a Motion to Dismiss on the ground that the petition contains unexhausted claims.

### I. Background

Petitioner pleaded guilty in Oakland County Circuit Court to the above-listed offenses. On July 1, 2004, he was sentenced to 6-1/2 to 15 years imprisonment for the third-degree criminal sexual conduct convictions, 1 to 4 years imprisonment for the accosting a child for immoral purposes conviction, and 90 days for contributing to the delinquency of a minor.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

The trial court erred in scoring five points under PRV 6 for relationship to the

criminal justice system and abused its discretion in denying Defendant's motion for resentencing where there was insufficient factual support for the scoring, and resentencing is required.

The Michigan Court of Appeals denied leave to appeal. *People v. Hahl*, No. 268272 (Mich. Ct. App. Apr. 25, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court presenting the same claim raised before the Michigan Court of Appeals and the following additional claims:

> I. Defendant's plea was the product of false guideline information given by the court.
>
> II. The preponderance of evidence does not establish that Defendant was on probation at the time of the instant offense, and it is unjust for a trial court to score guidelines without evidence to support the scoring.

The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Hahl*, No. 131392 (Mich. Sept. 26, 2001).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. Petitioner's sentence was increased without evidence to support the guidelines, or an opportunity to confront those who were accusing Petitioner of the guidelines.
>
> II. False information was presented by the prosecutor in order to sway the decision of the Circuit Court and the Michigan Court of Appeals.
>
> III. Petitioner's plea agreement with the State of Michigan was breached without his immediate knowledge at the time of sentencing.
>
> IV. Judge Sosnick of the Oakland County 6th Judicial Circuit Court abused his power and discretion at Petitioner's sentencing.

## II. Analysis

Respondent argues that the petition should be dismissed because Petitioner's second, third, and fourth claims are unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Petitioner concedes that his second claim for habeas relief was never presented to the Michigan Court of Appeals. It was presented for the first time to the Michigan Supreme Court. Where a claim is presented for the first time to a state court on discretionary review, that does not constitute a "fair presentation" of the claim. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

3

Thus, Petitioner has failed to exhaust his state court remedies with respect to this claim. Petitioner's third and fourth habeas claims, that the sentencing judge abused his power and discretion at sentencing and that his plea agreement was breached, have not been presented to the Michigan Court of Appeals or Michigan Supreme Court. Therefore, they too are unexhausted.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims. Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, March 5, 2007, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon

4

Petitioner pursuing his state remedies within sixty days of this Court's Order and returning to federal court to seek leave to reopen these proceedings within sixty days of exhausting his state remedies. *See id.* at 718.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from March 5, 2007, until the time Petitioner returns to federal court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the state court within sixty days from the date of this order and (ii) Petitioner returns to this Court to seek leave to reopen the habeas corpus proceeding within sixty days of exhausting state court remedies.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: July 16, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2008, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer
                                        Case Manager